UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

IRVIN BOLEY, a/k/a Whitey,
            *Defendant-Appellant.*

No. 02-4489

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

IRVIN BOLEY, a/k/a Whitey,
            *Defendant-Appellant.*

No. 02-4505

Appeals from the United States District Court
for the Southern District of West Virginia, at Charleston.
Joseph Robert Goodwin, District Judge.
(CR-01-97)

Submitted: February 28, 2003

Decided: March 11, 2003

Before WIDENER and MICHAEL, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

No. 02-4489 affirmed and No. 02-4505 dismissed by unpublished per
curiam opinion.

**COUNSEL**

Edward M. Hall, LAW OFFICE OF EDWARD HALL, Morgantown, West Virginia, for Appellant. Kasey Warner, United States Attorney, R. Gregory McVey, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

In these consolidated appeals, Irvin Boley appeals his conviction and sentence of fifty-seven months' imprisonment for conspiracy to distribute oxycodone, in violation of 21 U.S.C. § 846 (2000). Boley's counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), questioning whether the district court ensured Boley's guilty plea was entered into knowingly and voluntarily and arguing that Boley's sentence should not have been enhanced for possessing a firearm, but stating that, in his opinion, there were no meritorious grounds for appeal. Advised of his right to file a pro se supplemental brief, Boley has not done so. In No. 02-4489, we affirm Boley's conviction and sentence. We dismiss No. 02-4505 because the notice of appeal in that case was untimely filed.*

Boley contends the district court did not ensure his guilty plea was knowingly and voluntarily entered. Allegations of Fed. R. Crim. P. 11 violations are reviewed for plain error where, as here, there was no

---

*The notice of appeal in No. 02-4505 was untimely but was filed within the additional excusable neglect period. *See* Fed. R. Crim. P. 4(b)(4). Because Boley noted a timely appeal pro se from the same criminal judgment, we conclude it is unnecessary to remand No. 02-4505 for an excusable neglect finding under Fed. R. App. P. 4(b)(4).

objection in the district court. *United States v. Vonn*, 535 U.S. 55, 122 S. Ct. 1043, 1046 (2002). We have reviewed Boley's Rule 11 proceedings and determine the district court's colloquy was adequate to ensure Boley knowingly and voluntarily entered his guilty plea.

Boley argues the district court lacked subject matter jurisdiction to sentence him for possessing a firearm in furtherance of the conspiracy because the enhancement was not charged as an element of his offense of conviction. We reject this claim. *See United States v. Kinter*, 235 F.3d 192, 199-202 (4th Cir. 2000), *cert. denied*, 532 U.S. 937 (2001).

As required by *Anders*, we have examined the entire record and find no meritorious issues for appeal. Accordingly, we affirm Boley's conviction and sentence in No. 02-4489. We dismiss No. 02-4505, an appeal from the same criminal judgment, as untimely. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

No. 02-4489 - *AFFIRMED*

No. 02-4505 - *DISMISSED*